**FILED**

FEB 0 1 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Michael Van Zee, Plaintiff *in Propria Persona*
351 Mission Ridge Lane
Fallbrook, California  92028

760 390 1383

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

MICHAEL VAN ZEE

    PLAINTIFF

v.

CALIFORNIA RECONVEYANCE COMPANY AND
ALBERTELLI LAW AND JPMORGAN CHASE
BANK, N.A. DBA "CHASE"

    DEFENDANTS

_____/

CASE NO. __'16 CV 0252 CAB NLS__

## COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

    Come now the plaintiff Michael Van Zee and sues the defendant CALIFORNIA RECONVEYANCE COMPANY for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

### JURISDICTION AND VENUE

    This is a civil action pursuant to Title 15 of the United States Code under the provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§1692-1692p, to obtain monetary civil penalties, actual damages and other relief for the defendant's violations of this Act.

    This court has jurisdiction over this matter under 28 U.S.C. §§1331, 1337(a), 1345, and 1355. This action arises under 15 U.S.C. §1692, as further alleged herein.

    Venue is proper in the United States District Court for the District of California under 28 U.S.C. §§1391(b)-(c) and 1395(a) and 15 U.S.C. §1692, et seq.

### PLAINTIFF

    The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

This action is brought by the plaintiff who reside within the judicial district of this court and pertains to violations of the Fair Debt Collection Practices Act §§1692-1692p, which imposes duties upon debt collectors such as the defendant.

## DEFENDANT

The defendant is a corporation company doing business in the State of California with its principle place of business at the address of 9200 Oakdale Ave # 100, Chatsworth, CA 91311, for all times relevant to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## DEFINITIONS

The term "consumer" as used in this complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the Fair Debt Collection Practices Act, §1692a(5).

The term "location information" as used in this complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. §1692a(7).

The term "skip tracing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "spoofing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes

from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "phishing" is the act of sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.  Phishing email will typically direct the user to visit a website where he is asked to update personal information, such as a password, credit card, social security, or bank account numbers, that the legitimate organization already has. The website, however, is bogus and will capture and steal any information the user enters on the page.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000.  The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed.  The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff are not in default to the defendant.

The defendant has failed or refused to validate its claim upon request by the plaintiff yet continues in its debt collection efforts.

## DEFENDANT'S BUSINESS PRACTICES

The defendant maintains offices at various locations through the United States and engages in consumer debt collection activities throughout the United States.

Defendant regularly attempts to collect debt by contacting consumer by telephone, U.S. Mail and other instrumentalities of interstate commerce.

In numerous instances, when the defendant and its employees or agents have contacted the plaintiff in attempts to collect what it purports to be a debt, the plaintiff have informed the defendant that the purported debt is disputed and requested validation. The defendant has routinely failed to validate the purported debt as required under the Fair Debt Collection Practices Act, but very cleverly responds in many cases with papers that make it appear as if the defendant has acquired the rights from a possible creditor of the plaintiff that would otherwise allow it to collect, when in fact it has not.

In spite of being informed by the plaintiff that the plaintiff does not owe the purported debt, the defendant has continued to attempt to collect the purported debt in violation of the Fair Debt Collection Practices Act.

The defendant has contacted third parties other than the plaintiffs, more than once, for the purpose of acquiring more information about the plaintiffs, including where the plaintiff are located, reside and are employed.

In numerous instances, defendant has continuously called the plaintiff and sent written communications with the intent to annoy, harass, or abuse. For example, defendant continues to call even after being told, either orally or in writing, to stop, calls multiple times per day or frequently over an extended period of time (such as calling three or more times per day); and calls at the plaintiff's place of employment, even though the defendant (collector) knows or should know that it is inconvenient to receive calls there.

In numerous instances, defendant calls the plaintiff at their places of employment, even though defendants know or should know that the plaintiff employers prohibit the plaintiff's from receiving personal telephone calls at work.

In numerous instances, the defendant has sent written communications in the

U.S. Mail and via other couriers, identifying itself on the face of the envelope as a debt collector.

In numerous instances, defendants leave voicemail messages, or messages with third parties, in which defendant divulges that it is a debt collector that is attempting to collect a debt, or that the plaintiff owes a debt and also discloses the name of the plaintiffs.

The defendant has contacted the plaintiff in this manner without verifying the correctness of the contact telephone numbers or mailing address.

In many instances, individuals other than the plaintiff receive this written communication and telephone messages, thereby disclosing the plaintiffs' alleged debts to persons other than the plaintiff without the prior consent of the plaintiffs.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20th 1978, and has been in force since that date.

### COUNT I

### False or Misleading Representations

Section 807 of the FDCPA,  15 U.S.C. §§1692e, prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

In many instances, the defendant has used false, deceptive and misleading representations or means in its communications with the plaintiffs.

Defendant's representations constitute false, deceptive, or misleading representations or means in violation of Section 807 of the FDCPA,  15 U.S.C. §§1692e.

### COUNT II

### Unlawful Location Communication – Multiple Communications

Section 804 of the FDCPA, 15 U.S.C. §§1692b, governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer.   Section 804(3)

specifically prohibits debt collectors from communicating with any person about a consumer more than once unless requested by the person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

In numerous instances, in connection with the collection of a purported debt that the defendant claims to be owed to it by the plaintiffs, defendant has directly or indirectly communicated more than once with persons other than the plaintiff for the purpose of obtaining location information about the plaintiff without a reasonable belief that the person's previous denial of knowledge of the plaintiff of the plaintiffs' location was erroneous or incomplete and that such person now has correct or complete location information.

In order to obtain the information about the plaintiff that the defendant has demonstrated it has, the defendant would have had to make inquiries some or all of the credit reporting bureaus (including Equifax, Experian and TransUnion), Internet searches using popular search engines and services such as google.com, Intellius or whitepages.com, and by searching the public records.  Because of the information that the defendant has demonstrated it has, and because it was not given voluntarily or with knowledge of the plaintiffs, the defendant would have had to have contacted persons other than the plaintiff by various other means such as "skip tracing" or "spoofing" or "phishing" as those terms are defined herein.

The acts and practices alleged herein constitute violations of Section 804(3) of the FDCPA, 15 U.S.C. §§1692b(3).

### COUNT III

### <u>Unlawful Third-Party Communications</u>

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(b) specifically prohibits communications about a debt with any person other than a consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to

effectuate post judgment relief.

In numerous instances, through means described herein, in connection with the collection of debts, defendant has directly or indirectly communicated about the plaintiffs' alleged debt with persons other than the plaintiffs, a consumer reporting agency, the creditor, or their attorneys without the permission of the plaintiffs, or as otherwise allowed by Section 804.

On numerous occasions, the defendant disclosed or threatened to publicly disclose the plaintiff banking, credit, financial and other personal or identifying information for the purpose of inducing the plaintiff to pay money to the defendant.

The defendant shared or exchanged the plaintiffs' banking, credit, financial, identifying and personal information with other debt collector agencies or companies.

The defendant advertised the plaintiff's purported debt for sale to other parties or companies.

The defendant sent mail to the plaintiff with improper markings, identifying or indicating that the plaintiff owed a debt.

The acts and practices alleged herein constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. §1692c(b).

## COUNT IV

### Unlawful Failure to Cease Communications

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(c) specifically prohibits communication with a consume with respect to a debt in the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communications with the consumer except to advise the consumer that the debt collector's further efforts are being terminated, to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor, or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

In numerous instances, as described herein, in connection with the collection of a

purported debt, the defendant directly or indirectly has communicated with the plaintiff with respect to a debt after the plaintiff have notified the defendant in writing that the plaintiff wish defendant to cease further communications.  Subsequent communications following this notice were not made to advise the plaintiff that the defendant's further efforts were being terminated, or to notify the plaintiff that the defendant or creditors may invoke specified remedies which are ordinarily invoked, or to notify the plaintiff that the defendant or creditors intended to invoke a specified remedy.

The acts and practices alleged herein constitute violations of Section 805(c) of the FDCPA, 15 U.S.C. §1692(c).

The Plaintiff have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A);

    B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

    C. An award of actual damages;

    D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiff Michael Van Zee and sues the defendant ALBERTELLI LAW for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION AND VENUE

This is a civil action pursuant to Title 15 of the United States Code under the provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§1692-1692p, to obtain monetary civil penalties, actual damages and other relief for the defendant's violations of this Act.

This court has jurisdiction over this matter under 28 U.S.C. §§1331, 1337(a), 1345, and 1355. This action arises under 15 U.S.C. §1692, as further alleged herein.

Venue is proper in the United States District Court for the District of California under 28 U.S.C. §§1391(b)-(c) and 1395(a) and 15 U.S.C. §1692, et seq.

## PLAINTIFF

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

This action is brought by the plaintiff who reside within the judicial district of this court and pertains to violations of the Fair Debt Collection Practices Act §§1692-1692p, which imposes duties upon debt collectors such as the defendant.

## DEFENDANT

The defendant is a law firm doing business in the State of California with its principle place of business at the address of 9200 Oakdale Ave # 100, Chatsworth, CA 91311, for all times relevant to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## DEFINITIONS

The term "consumer" as used in this complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the Fair Debt Collection Practices Act, §1692a(5).

The term "location information" as used in this complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. §1692a(7).

The term "skip tracing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "spoofing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "phishing" is the act of sending an email to a user falsely claiming to be

an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.  Phishing email will typically direct the user to visit a website where he is asked to update personal information, such as a password, credit card, social security, or bank account numbers, that the legitimate organization already has. The website, however, is bogus and will capture and steal any information the user enters on the page.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000.  The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed.  The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff are not in default to the defendant.

The defendant has failed or refused to validate its claim upon request by the plaintiff yet continues in its debt collection efforts.

## DEFENDANT'S BUSINESS PRACTICES

The defendant maintains offices at various locations through the United States and engages in consumer debt collection activities throughout the United States.

Defendant regularly attempts to collect debt by contacting consumer by telephone, U.S. Mail and other instrumentalities of interstate commerce.

In numerous instances, when the defendant and its employees or agents have contacted the plaintiff in attempts to collect what it purports to be a debt, the plaintiff have informed the defendant that the purported debt is disputed and requested validation. The defendant has routinely failed to validate the purported debt as required under the Fair Debt Collection Practices Act, but very cleverly responds in many cases with papers that make it appear as if the defendant has acquired the rights from a possible creditor of the plaintiff that would otherwise allow it to collect, when in fact it has not.

In spite of being informed by the plaintiff that the plaintiff does not owe the purported debt, the defendant has continued to attempt to collect the purported debt in violation of the Fair Debt Collection Practices Act.

The defendant has contacted third parties other than the plaintiffs, more than once, for the purpose of acquiring more information about the plaintiffs, including where the plaintiff are located, reside and are employed.

In numerous instances, defendant has continuously called the plaintiff and sent written communications with the intent to annoy, harass, or abuse. For example, defendant continues to call even after being told, either orally or in writing, to stop, calls multiple times per day or frequently over an extended period of time (such as calling three or more times per day); and calls at the plaintiff's place of employment, even though the defendant (collector) knows or should know that it is inconvenient to receive calls there.

In numerous instances, defendant calls the plaintiff at their places of employment, even though defendants know or should know that the plaintiff employers prohibit the plaintiff's from receiving personal telephone calls at work.

In numerous instances, the defendant has sent written communications in the U.S. Mail and via other couriers, identifying itself on the face of the envelope as a debt collector.

In numerous instances, defendants leave voicemail messages, or messages with third parties, in which defendant divulges that it is a debt collector that is attempting to

collect a debt, or that the plaintiff owes a debt and also discloses the name of the plaintiffs.

The defendant has contacted the plaintiff in this manner without verifying the correctness of the contact telephone numbers or mailing address.

In many instances, individuals other than the plaintiff receive this written communication and telephone messages, thereby disclosing the plaintiffs' alleged debts to persons other than the plaintiff without the prior consent of the plaintiffs.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20th 1978, and has been in force since that date.

## COUNT V

### False or Misleading Representations

Section 807 of the FDCPA,  15 U.S.C. §§1692e, prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

In many instances, the defendant has used false, deceptive and misleading representations or means in its communications with the plaintiffs.

Defendant's representations constitute false, deceptive, or misleading representations or means in violation of Section 807 of the FDCPA,  15 U.S.C. §§1692e.

## COUNT VI

### Unlawful Location Communication – Multiple Communications

Section 804 of the FDCPA, 15 U.S.C. §§1692b, governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer.   Section 804(3) specifically prohibits debt collectors from communicating with any person about a consumer more than once unless requested by the person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

In numerous instances, in connection with the collection of a purported debt that the defendant claims to be owed to it by the plaintiffs, defendant has directly or indirectly communicated more than once with persons other than the plaintiff for the purpose of obtaining location information about the plaintiff without a reasonable belief that the person's previous denial of knowledge of the plaintiff of the plaintiffs' location was erroneous or incomplete and that such person now has correct or complete location information.

In order to obtain the information about the plaintiff that the defendant has demonstrated it has, the defendant would have had to make inquiries some or all of the credit reporting bureaus (including Equifax, Experian and TransUnion), Internet searches using popular search engines and services such as google.com, Intellius or whitepages.com, and by searching the public records. Because of the information that the defendant has demonstrated it has, and because it was not given voluntarily or with knowledge of the plaintiffs, the defendant would have had to have contacted persons other than the plaintiff by various other means such as "skip tracing" or "spoofing" or "phishing" as those terms are defined herein.

The acts and practices alleged herein constitute violations of Section 804(3) of the FDCPA, 15 U.S.C. §§1692b(3).

**COUNT VII**

**<u>Unlawful Third-Party Communications</u>**

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally. Section 805(b) specifically prohibits communications about a debt with any person other than a consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

In numerous instances, through means described herein, in connection with the collection of debts, defendant has directly or indirectly communicated about the plaintiffs' alleged debt with persons other than the plaintiffs, a consumer reporting

agency, the creditor, or their attorneys without the permission of the plaintiffs, or as otherwise allowed by Section 804.

On numerous occasions, the defendant disclosed or threatened to publicly disclose the plaintiff banking, credit, financial and other personal or identifying information for the purpose of inducing the plaintiff to pay money to the defendant.

The defendant shared or exchanged the plaintiffs' banking, credit, financial, identifying and personal information with other debt collector agencies or companies.

The defendant advertised the plaintiff's purported debt for sale to other parties or companies.

The defendant sent mail to the plaintiff with improper markings, identifying or indicating that the plaintiff owed a debt.

The acts and practices alleged herein constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. §1692c(b).

## COUNT VIII

### Unlawful Failure to Cease Communications

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(c) specifically prohibits communication with a consume with respect to a debt in the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communications with the consumer except to advise the consumer that the debt collector's further efforts are being terminated, to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor, or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

In numerous instances, as described herein, in connection with the collection of a purported debt, the defendant directly or indirectly has communicated with the plaintiff with respect to a debt after the plaintiff have notified the defendant in writing that the plaintiff wish defendant to cease further communications.  Subsequent communications following this notice were not made to advise the plaintiff that the defendant's further

efforts were being terminated, or to notify the plaintiff that the defendant or creditors may invoke specified remedies which are ordinarily invoked, or to notify the plaintiff that the defendant or creditors intended to invoke a specified remedy.

The acts and practices alleged herein constitute violations of Section 805(c) of the FDCPA, 15 U.S.C. §1692(c).

The Plaintiff have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE" for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

### JURISDICTION AND VENUE

This is a civil action pursuant to Title 15 of the United States Code under the provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§1692-1692p, to obtain monetary civil penalties, actual damages and other relief for the defendant's violations of this Act.

This court has jurisdiction over this matter under 28 U.S.C. §§1331, 1337(a), 1345, and 1355.  This action arises under 15 U.S.C. §1692, as further alleged herein.

Venue is proper in the United States District Court for the District of California under 28 U.S.C. §§1391(b)-(c) and 1395(a) and 15 U.S.C. §1692, et seq.

### PLAINTIFF

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

This action is brought by the plaintiff who reside within the judicial district of this court and pertains to violations of the Fair Debt Collection Practices Act §§1692-1692p, which imposes duties upon debt collectors such as the defendant.

### DEFENDANT

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1111 Polaris Parkway, Columbus, OH 43240, for all times relevant to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## DEFINITIONS

The term "consumer" as used in this complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the Fair Debt Collection Practices Act, §1692a(5).

The term "location information" as used in this complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. §1692a(7).

The term "skip tracing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "spoofing" is a colloquial term used to describe the process of locating a person's whereabouts for any number of purposes. A skip tracer is someone who performs this task, which may be the person's primary occupation. The term comes from the word "skip" being used to describe the person being searched for, and comes from the idiomatic expression "to skip town," meaning to depart, perhaps in a rush, and leaving minimal clues behind for someone to "trace" the "skip" to a new location.

The term "phishing" is the act of sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft. Phishing email will typically direct the user to visit a website where he is asked to update personal information, such as a

password, credit card, social security, or bank account numbers, that the legitimate organization already has. The website, however, is bogus and will capture and steal any information the user enters on the page.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000.  The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed.  The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff are not in default to the defendant.

The defendant has failed or refused to validate its claim upon request by the plaintiff yet continues in its debt collection efforts.

## DEFENDANT'S BUSINESS PRACTICES

The defendant maintains offices at various locations through the United States and engages in consumer debt collection activities throughout the United States.

Defendant regularly attempts to collect debt by contacting consumer by telephone, U.S. Mail and other instrumentalities of interstate commerce.

In numerous instances, when the defendant and its employees or agents have contacted the plaintiff in attempts to collect what it purports to be a debt, the plaintiff have informed the defendant that the purported debt is disputed and requested

validation.  The defendant has routinely failed to validate the purported debt as required under the Fair Debt Collection Practices Act, but very cleverly responds in many cases with papers that make it appear as if the defendant has acquired the rights from a possible creditor of the plaintiff that would otherwise allow it to collect, when in fact it has not.

In spite of being informed by the plaintiff that the plaintiff does not owe the purported debt, the defendant has continued to attempt to collect the purported debt in violation of the Fair Debt Collection Practices Act.

The defendant has contacted third parties other than the plaintiffs, more than once, for the purpose of acquiring more information about the plaintiffs, including where the plaintiff are located, reside and are employed.

In numerous instances, defendant has continuously called the plaintiff and sent written communications with the intent to annoy, harass, or abuse.  For example, defendant continues to call even after being told, either orally or in writing, to stop, calls multiple times per day or frequently over an extended period of time (such as calling three or more times per day); and calls at the plaintiff's place of employment, even though the defendant (collector) knows or should know that it is inconvenient to receive calls there.

In numerous instances, defendant calls the plaintiff at their places of employment, even though defendants know or should know that the plaintiff employers prohibit the plaintiff's from receiving personal telephone calls at work.

In numerous instances, the defendant has sent written communications in the U.S. Mail and via other couriers, identifying itself on the face of the envelope as a debt collector.

In numerous instances, defendants leave voicemail messages, or messages with third parties, in which defendant divulges that it is a debt collector that is attempting to collect a debt, or that the plaintiff owes a debt and also discloses the name of the plaintiffs.

The defendant has contacted the plaintiff in this manner without verifying the

correctness of the contact telephone numbers or mailing address.

In many instances, individuals other than the plaintiff receive this written communication and telephone messages, thereby disclosing the plaintiffs' alleged debts to persons other than the plaintiff without the prior consent of the plaintiffs.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20th 1978, and has been in force since that date.

### COUNT IX

### False or Misleading Representations

Section 807 of the FDCPA, 15 U.S.C. §§1692e, prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

In many instances, the defendant has used false, deceptive and misleading representations or means in its communications with the plaintiffs.

Defendant's representations constitute false, deceptive, or misleading representations or means in violation of Section 807 of the FDCPA, 15 U.S.C. §§1692e.

### COUNT X

### Unlawful Location Communication – Multiple Communications

Section 804 of the FDCPA, 15 U.S.C. §§1692b, governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer. Section 804(3) specifically prohibits debt collectors from communicating with any person about a consumer more than once unless requested by the person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

In numerous instances, in connection with the collection of a purported debt that the defendant claims to be owed to it by the plaintiffs, defendant has directly or indirectly communicated more than once with persons other than the plaintiff for the

purpose of obtaining location information about the plaintiff without a reasonable belief that the person's previous denial of knowledge of the plaintiff of the plaintiffs' location was erroneous or incomplete and that such person now has correct or complete location information.

In order to obtain the information about the plaintiff that the defendant has demonstrated it has, the defendant would have had to make inquiries some or all of the credit reporting bureaus (including Equifax, Experian and TransUnion), Internet searches using popular search engines and services such as google.com, Intellius or whitepages.com, and by searching the public records.  Because of the information that the defendant has demonstrated it has, and because it was not given voluntarily or with knowledge of the plaintiffs, the defendant would have had to have contacted persons other than the plaintiff by various other means such as "skip tracing" or "spoofing" or "phishing" as those terms are defined herein.

The acts and practices alleged herein constitute violations of Section 804(3) of the FDCPA, 15 U.S.C. §§1692b(3).

## COUNT XI

### Unlawful Third-Party Communications

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(b) specifically prohibits communications about a debt with any person other than a consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment relief.

In numerous instances, through means described herein, in connection with the collection of debts, defendant has directly or indirectly communicated about the plaintiffs' alleged debt with persons other than the plaintiffs, a consumer reporting agency, the creditor, or their attorneys without the permission of the plaintiffs, or as otherwise allowed by Section 804.

On numerous occasions, the defendant disclosed or threatened to publicly

disclose the plaintiff banking, credit, financial and other personal or identifying information for the purpose of inducing the plaintiff to pay money to the defendant.

The defendant shared or exchanged the plaintiffs' banking, credit, financial, identifying and personal information with other debt collector agencies or companies.

The defendant advertised the plaintiff's purported debt for sale to other parties or companies.

The defendant sent mail to the plaintiff with improper markings, identifying or indicating that the plaintiff owed a debt.

The acts and practices alleged herein constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. §1692c(b).

## COUNT XII

### Unlawful Failure to Cease Communications

Section 805 of the FDCPA, 15 U.S.C. §1692c, governs communications in connection with a debt generally.  Section 805(c) specifically prohibits communication with a consume with respect to a debt in the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communications with the consumer except to advise the consumer that the debt collector's further efforts are being terminated, to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor, or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

In numerous instances, as described herein, in connection with the collection of a purported debt, the defendant directly or indirectly has communicated with the plaintiff with respect to a debt after the plaintiff have notified the defendant in writing that the plaintiff wish defendant to cease further communications.  Subsequent communications following this notice were not made to advise the plaintiff that the defendant's further efforts were being terminated, or to notify the plaintiff that the defendant or creditors may invoke specified remedies which are ordinarily invoked, or to notify the plaintiff that the defendant or creditors intended to invoke a specified remedy.

The acts and practices alleged herein constitute violations of Section 805(c) of the FDCPA, 15 U.S.C. §1692(c).

The Plaintiff have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331 and 15 U.S.C. §§1635 and 1640.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1111 Polaris Parkway, Columbus, OH 43240, for all times relevant to this complaint.

### PLAIN STATEMENT

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000. The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed. The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

The defendant sent written communications to the plaintiff stating that it had rights under a trust deed recorded against the plaintiff's property. The plaintiff served the defendant with a notice to rescind and the defendant failed to sue and re-establish the debt.

The defendant subsequently ignored the notice and continued in its efforts to foreclose.

The plaintiff is now suing for damages resulting therefrom.

### COUNT XIII – COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

The plaintiff re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

The plaintiff and defendant were parties to a consumer credit transaction that existed or was consummated on or after September 30, 1995.

The defendant is a creditor within the meaning of 15 U.S.C. §§1601 and 1635 et seq.

The defendant recently began attempting to foreclose as if it had rights under this trust deed agreement.  The plaintiff responded accordingly, as if the defendant had such rights, and also, as if the defendant had the same liabilities as set forth under the Truth and Lending Act, Title 15 U.S.C. §§1635 and 1640.

The creditor failed to provide the plaintiff with the appropriate form of written notice published and adopted under the provisions of the Truth in Lending Act.

The creditor failed to provide the plaintiff with a comparable written notice of the rights of the plaintiff, that was properly completed by the creditor, and otherwise complied with all statutory requirements regarding the notice.

The plaintiff notified the defendant of his right to rescind.

The plaintiff served a notice to rescind upon the defendant on the date of August 21st 2015, a true and correct copy of this notice is attached as Exhibit B.

The defendant ignored the plaintiff and failed to respond to the notice to rescind by failing to sue the plaintiff and re-establish what it claimed to be the debt under the trust deed and promissory note.

As of the date of September 28th 2015, which is or exceeds twenty days following

the notice to rescind, the trust deed and note were void and did not exist; however, the defendant continued to act as if the note and trust deed were enforceable and subsequently foreclosed upon the plaintiff's property.

The defendant had a duty to either sue the plaintiff to re-establish what it claimed to be the debt or return the plaintiff's money or property within twenty days of receiving the notice to rescind.

The defendant failed to return the note, money or property paid.

The plaintiff served the defendant with a notice of default and intent to sue for its failure to properly respond to the notice to rescind, a true and correct copy is attached with Exhibit B.

The plaintiff was unable to tender the property or money received because of the defendant's failure to comply and no measures to protect or guarantee that such tender of property would cause the defendant to comply with its obligations.

The plaintiff has given timely notice to the defendant within applicable statute of limitations of the Truth in Lending Act in filing this claim

The defendant will not suffer prejudice because of this complaint.

The plaintiff has acted reasonably and in good faith regarding the events leading up to the commencement of this action.

The plaintiff was actively misled by the defendant about the cause of action or was extraordinarily prevented from asserting his rights.

Plaintiff demands a jury trial.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.  Non-compliance is a violation of the Truth in Lending Act which gives rise to a claim for actual and statutory damages under 15 U.S.C. §1640.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has failed or refused to sue the plaintiff and reestablish the purported debt that was rescinded by the plaintiff prior to the commencement of this

complaint.

The actual damages are: 1. The fair market value of plaintiff's property in the amount of $377,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $432,000. 3. Costs and attorney fees associated with this action and defending against the foreclosure process in the amount of $4,250.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $813,250, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT – COUNT XIV

Comes now the plaintiff Michael Van Zee and sues the defendant CALIFORNIA RECONVEYANCE COMPANY in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a corporation doing business in the State of California, with its principal place of business at 9200 Oakdale Ave # 100, Chatsworth, CA 91311, for all times material to this complaint.

## PLAIN STATEMENT

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000. The deed

secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed.  The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including

personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action. The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'. Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for. Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

### COUNT XIV – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Michael Van Zee and sues the defendant CALIFORNIA RECONVEYANCE COMPANY in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the

plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around April of 2015 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant. Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant. These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant. Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless.

The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information.  The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff.  The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of April 4th 2015, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home

because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $377,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $432,000. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $4,250 and 4. Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $1,063,250, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Michael Van Zee and sues the defendant ALBERTELLI LAW in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a law firm doing business in the State of California with its principle place of business at the address of 9200 Oakdale Ave # 100, Chatsworth, CA 91311, for all times relevant to this complaint.

**PLAIN STATEMENT**

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000.  The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed.  The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

### STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal

information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action.  The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification".  Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for.  Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax.  This information is then used to obtain more information.  In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT XV – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Michael Van Zee and sues the defendant ALBERTELLI LAW in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around April of 2015 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant. Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant. These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant. Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information. The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff. The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of April 4th 2015, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof.  The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $377,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $432,000.   3.   Costs and attorney fees associated with defending against the foreclosure process in the amount of $4,250 and 4.  Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $1,063,250, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT – COUNT XVI

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1111 Polaris Parkway, Columbus, OH 43240, for all times relevant to this complaint.

**PLAIN STATEMENT**

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000. The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed. The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed. The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action. The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'. Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for. Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

### COUNT XV – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around April of 2015 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant. Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant. These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant. Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information. The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff. The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of April 4th 2015, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $377,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $432,000. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $4,250 and 4. Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $1,063,250, together with other relief this court deems appropriate.

## COMPLAINT FOR BREACH OF CONTRACT

## AND LIQUIDATED DAMAGES – COUNT XVII

Comes now the plaintiff Michael Van Zee and sues the defendant CALIFORNIA RECONVEYANCE COMPANY in the following legal action to protect a private civil right and to compel a civil remedy for liquidated damages resulting from the breach of a license agreement, and alleges the following:

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a corporation doing business in the State of California, with its principal place of business at 9200 Oakdale Ave # 100, Chatsworth, CA 91311, for all

times material to this complaint.

**PLAIN STATEMENT**

The defendant entered into a license agreement with the plaintiff which included liquidated damages for any breach or material breach thereof.

The defendant has breached this agreement and the plaintiff has suffered damages thereby and now seeks a judgment against the defendant for these damages.

### STATEMENTS OF FACT AND DEFINITIONS AND ALLEGATIONS

The abbreviation "XBT" is defined in the agreement upon which this complaint is based.

The abbreviation "Au" is defined in the agreement upon which this complaint is based.

On the date of _January 22nd 2016, the defendant entered into a license agreement with the plaintiff for the use of plaintiff's identifying information, including credit file, bank accounts, financial information, tax records and other personal and identifying information such as video-graphic and audio recordings of the plaintiff, and other terms set forth in the agreement, a true and correct copy of which is attached.

The plaintiff alleges the terms and provisions of the exhibited agreement, identified as the "Data Retention Policy" and alleges and incorporates each statement therein into this complaint.

The defendant was given a period of time to notice the plaintiff of its intent to be excluded from the license terms, under which the defendant was obligated to purge its records and databases of any and all information pertaining to the plaintiff and/or provide a certificate of destruction of any records or information it could not return. These terms are more fully set forth in the attached Exhibit C "DATA RETENTION POLICY".

The defendant has failed to comply with the "opt-out" provisions that would have excluded itself from the obligations under the license agreement.

The defendant is currently in breach of the license agreement for using and benefiting from the plaintiff's identifying information as defined in the agreement.

liquidated damages for any breach or material breach thereof.

The defendant has breached this agreement and the plaintiff has suffered damages thereby and now seeks a judgment against the defendant for these damages.

### STATEMENTS OF FACT AND DEFINITIONS AND ALLEGATIONS

The abbreviation "XBT" is defined in the agreement upon which this complaint is based.

The abbreviation "Au" is defined in the agreement upon which this complaint is based.

On the date of January 22nd 2016, the defendant entered into a license agreement with the plaintiff for the use of plaintiff's identifying information, including credit file, bank accounts, financial information, tax records and other personal and identifying information such as video-graphic and audio recordings of the plaintiff, and other terms set forth in the agreement, a true and correct copy of which is attached.

The plaintiff alleges the terms and provisions of the exhibited agreement, identified as the "Data Retention Policy" and alleges and incorporates each statement therein into this complaint.

The defendant was given a period of time to notice the plaintiff of its intent to be excluded from the license terms, under which the defendant was obligated to purge its records and databases of any and all information pertaining to the plaintiff and/or provide a certificate of destruction of any records or information it could not return. These terms are more fully set forth in the attached Exhibit C "DATA RETENTION POLICY".

The defendant has failed to comply with the "opt-out" provisions that would have excluded itself from the obligations under the license agreement.

The defendant is currently in breach of the license agreement for using and benefiting from the plaintiff's identifying information as defined in the agreement.

The defendant is liable to the plaintiff for liquidated damages as set forth in the agreement.

As of this day, the defendant is liable to the plaintiff in the amount or equivalent of

2.46 ounces of gold (Au) per diem beginning on January 23rd 2016, or its equivalent in Bitcoin (XBT).

WHEREFORE the plaintiff demands judgment for liquidated damages in the amount of 2.46 ounces of gold (Au) per diem beginning on January 23rd 2016, or its equivalent in Bitcoin (XBT), plus court costs, attorney fees and for other relief as this court deems appropriate.

### COMPLAINT FOR BREACH OF CONTRACT

### AND LIQUIDATED DAMAGES – COUNT XIX

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE" in the following legal action to protect a private civil right and to compel a civil remedy for liquidated damages resulting from the breach of a license agreement, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1111 Polaris Parkway, Columbus, OH 43240, for all times relevant to this complaint.

### PLAIN STATEMENT

The defendant entered into a license agreement with the plaintiff which included liquidated damages for any breach or material breach thereof.

The defendant has breached this agreement and the plaintiff has suffered damages thereby and now seeks a judgment against the defendant for these damages.

## STATEMENTS OF FACT AND DEFINITIONS AND ALLEGATIONS

The abbreviation "XBT" is defined in the agreement upon which this complaint is based.

The abbreviation "Au" is defined in the agreement upon which this complaint is based.

On the date of January 22nd 2016, the defendant entered into a license agreement with the plaintiff for the use of plaintiff's identifying information, including credit file, bank accounts, financial information, tax records and other personal and identifying information such as video-graphic and audio recordings of the plaintiff, and other terms set forth in the agreement, a true and correct copy of which is attached.

The plaintiff alleges the terms and provisions of the exhibited agreement, identified as the "Data Retention Policy" and alleges and incorporates each statement therein into this complaint.

The defendant was given a period of time to notice the plaintiff of its intent to be excluded from the license terms, under which the defendant was obligated to purge its records and databases of any and all information pertaining to the plaintiff and/or provide a certificate of destruction of any records or information it could not return. These terms are more fully set forth in the attached Exhibit C "DATA RETENTION POLICY".

The defendant has failed to comply with the "opt-out" provisions that would have excluded itself from the obligations under the license agreement.

The defendant is currently in breach of the license agreement for using and benefiting from the plaintiff's identifying information as defined in the agreement.

The defendant is liable to the plaintiff for liquidated damages as set forth in the agreement.

As of this day, the defendant is liable to the plaintiff in the amount or equivalent of 2.46 ounces of gold (Au) per diem beginning on January 23rd 2016, or its equivalent in Bitcoin (XBT).

WHEREFORE the plaintiff demands judgment for liquidated damages in the

amount of 2.46 ounces of gold (Au) per diem beginning on January 23rd 2016, or its equivalent in Bitcoin (XBT), plus court costs, attorney fees and for other relief as this court deems appropriate.

## COMPLAINT FOR TORTUOUS INDUCEMENT OF

## BREACH OF CONTRACT – COUNT XX

Comes now the plaintiff Michael Van Zee and sues the defendant JPMORGAN CHASE BANK, N.A. DBA "CHASE" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the defendant's tortuous inducement of breach of contract, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 351 Mission Ridge Lane, Fallbrook, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1111 Polaris Parkway, Columbus, OH 43240, for all times relevant to this complaint.

### PLAIN STATEMENT – ALLEGATIONS

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 20th 2007, in San Diego County, California, in the amount of $432,000. The deed secured the payment of a promissory note made payable to WASHINGTON MUTUAL BANK, FA, the lender stated on the trust deed. The trustee's name in this instrument is CALIFORNIA RECONVEYANCE COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

In April of 2015, the defendant persuaded or convinced the lender of the plaintiff in a trust deed and note to breach this contract against the plaintiff.

The defendant disrupted the ability of plaintiff to perform his obligations under the contract, thereby preventing the plaintiff from receiving the performance promised.

The defendant had no privilege to engage in these acts or conduct and did so deliberately and with knowledge of the existence of the contract, as it was a matter of public record.

The defendant has never acquired any legal interest in the contract, but acts in the place of the plaintiff's lender, Washington Mutual Bank, F.A. as if it had acquired the rights under the trust deed and note.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $377,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $432,000. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $4,250.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $813,250, together with other relief this court deems appropriate.

DATED this 25th day of January, 2016.

Michael Van Zee, Plaintiff

**EXHIBIT A**

# CHASE



Customer Service                        1-800-848-9136
Monday - Friday                          8 a.m. - midnight (ET)
Saturday                                 8 a.m. - 8 p.m. (ET)

Deaf or Hard of Hearing (TTY)            1-800-582-0542

chase.com

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA  92028-9120

19484 MWD Z 29915 C -  BR2 PL MC

## Mortgage Loan Statement

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 10/16/2015 |
| Property Address | 351 Mission Ridge Ln |
| | Fallbrook, CA  92028 |

### Amount Due By Payment Options

| | |
|---|---|
| Option 1: Minimum Payment Due | $2,514.23 |
| Option 2: Interest Due Payment | N/A |
| Option 3: Full Principal & Interest Payment | $2,522.96 |
| Option 4: Full Principal & Interest Payment (15 years) | $5,818.05 |
| **Payment Due Date** | **11/01/2015** |

A late charge of $107.63 may apply if received after
11/16/2015.

## Loan Overview (as of 10/16/2015)

| | |
|---|---|
| Original Principal Balance | $432,000.00 |
| Unpaid Principal Balance | $398,439.82 |
| Escrow Balance | $1,982.07 |

## Payment Summary

| | |
|---|---|
| Principal | $1,011.24 |
| Interest | $1,141.27 |
| Escrow Payment (Taxes and/or Insurance) | $254.09 |
| **Monthly Payment** | **$2,406.60** |
| Prior Fees/Charges | $0.00 |
| Fees/Charges Since Last Statement | $107.63 |
| Original Missed Payment Date | 10/01/2015 |
| **Past Due Amount** | **$2,406.60** |
| **Total Amount Due** | **$4,920.83** |

## Past Payments Breakdown

| | Paid Since Last Statement | Paid Year-to-Date |
|---|---|---|
| Principal | $0.00 | $9,148.11 |
| Interest | $0.00 | $10,185.30 |
| Escrow Payment (Taxes and/or Insurance) | $0.00 | $2,288.25 |
| Fees/Advances/Other Balances | $0.00 | $536.83 |
| **Total** | **$0.00** | **$22,158.49** |

## Adjustable-Rate Mortgage Information

| | |
|---|---|
| Interest Rate (Until 11/2015) | 3.42300% |
| For Payment Due | 10/01/2015 |

## Payment Options

| | Option 1: Minimum Payment Due | Option 2: Interest Due Payment | Option 3: Full Principal & Interest Payment | Option 4: Full Principal & Interest Payment (15 Years) |
|---|---|---|---|---|
| Principal | $1,011.24 | $0.00 | $1,019.97 | $4,315.06 |
| Interest | $1,141.27 | $0.00 | $1,141.27 | $1,141.27 |
| Escrow (Taxes and/or Insurance) | $254.09 | $254.09 | $254.09 | $254.09 |
| Monthly Payment | $2,514.23 | N/A | $2,522.96 | $5,818.05 |
| Total Fees and Charges | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Amount Due | $2,514.23 | N/A | $2,522.96 | $5,818.05 |
| If you make this payment: | You may not cover the interest on your loan and may increase your loan balance. | You will not pay any principal on your loan, and will not reduce your loan balance. | You will reduce your loan balance. | You will reduce your loan balance. |

Please detach and return the bottom portion of this statement with your payment using the enclosed envelope.



# CHASE

**Mortgage Loan Statement**

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 10/16/2015 |
| Property Address | 351 Mission Ridge Ln |
| | Fallbrook, CA  92028 |

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA  92028-9120

## Transaction Activity Since Your Last Statement (Includes Fees/Charges)

| Transaction Date | Description | Total Received | Principal | Interest | Escrow | Fees | Unapplied Funds |
|---|---|---|---|---|---|---|---|
| 10/16/2015 | LT CHARGE ASSESSMENT | | | | | $107.63 | |

## Detailed Description of Payment Options

The payment amount shown for each available option, as applicable, also includes an escrow payment, any unpaid late charges, and fees for optional products. If you have established automatic payment withdrawals, the amount you selected will be drafted rather than the Minimum Payment.

### Option 1: Minimum Payment Due
This amount pays the smallest amount of interest and, if applicable, principal that you must pay each month. This amount may not be sufficient to pay all the accrued interest for the previous month or to pay the loan in full over the remaining scheduled term. Negative amortization may result, which means that any unpaid interest will be added to the principal loan balance and will accrue additional interest.

### Option 2: Interest Due Payment
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment). However, no portion of the payment will be applied to reduce the principal balance of your loan.

### Option 3: Full Principal and Interest Payment
(based on the remaining scheduled term of your loan)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term under your loan documents.

### Option 4: Full Principal and Interest Payment
(based on the remaining schedule of your loan, if your original term is 15 years)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term of your loan, if the original loan term was 15 years.

The Minimum Payment is the LEAST amount that you must pay. One or more of the other options may not be available each month. If other options are available, the payment amount for those options will always be equal to or greater than the Minimum Payment.

## Important Messages

**Verify Your Contact Information**
Please review your online account information at **chase.com/MyInfo** to confirm that your mailing address, email and phone number are correct. If you don't have an online account, you can easily create one at **chase.com**.

**Managing your mortgage is simple when you go paperless.**







82336 Page 1 of 3

| | |
|---|---|
| Monday - Thursday | 8 a.m. - midnight (ET) |
| Friday | 8 a.m. - 10 p.m. (ET) |
| Saturday | 8 a.m. - 5 p.m. (ET) |
| Deaf or Hard of Hearing (TTY) | 1-800-582-0542 |



chase.com

## Mortgage Loan Statement

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 11/16/2015 |
| Property Address | 351 Mission Ridge Ln Fallbrook, CA 92028 |

**Amount Due By Payment Options**

| | |
|---|---|
| Option 1: Minimum Payment Due | $2,621.86 |
| Option 2: Interest Due Payment | N/A |
| Option 3: Full Principal & Interest Payment | N/A |
| Option 4: Full Principal & Interest Payment (15 years) | N/A |
| Payment Due Date | 12/01/2015 |

A late charge of $107.63 may apply if received after 12/16/2015.

82336 MWD Z 32015 C - BRE
MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028-9120

### Loan Overview (as of 11/16/2015)

| | |
|---|---|
| Original Principal Balance | $432,000.00 |
| Unpaid Principal Balance | $398,439.82 |
| Escrow Balance | $441.97 |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year-to-Date |
|---|---|---|
| Principal | $0.00 | $9,148.11 |
| Interest | $0.00 | $10,185.50 |
| Escrow Payment (Taxes and/or Insurance) | $0.00 | $2,288.25 |
| Fees/Advances/Other Balances | $0.00 | $536.63 |
| **Total** | **$0.00** | **$22,158.49** |

### Payment Summary

| | |
|---|---|
| Principal | $1,006.88 |
| Interest | $1,145.63 |
| Escrow Payment (Taxes and/or Insurance) | $254.09 |
| **Monthly Payment** | **$2,406.60** |
| Prior Fees/Charges | $107.63 |
| Fees/Charges Since Last Statement | $107.63 |
| Original Missed Payment Date | 10/01/2015 |
| **Past Due Amount** | **$4,813.20** |
| **Total Amount Due** | **$7,435.06** |

### Adjustable-Rate Mortgage Information

| | |
|---|---|
| Interest Rate (Until 11/2015) | 3.42300% |
| For Payment Due | 10/01/2015 |

### Payment Options

| | Option 1: Minimum Payment Due | Option 2: Interest Due Payment | Option 3: Full Principal & Interest Payment | Option 4: Full Principal & Interest Payment (15 Years) |
|---|---|---|---|---|
| Principal | $1,006.88 | $0.00 | $0.00 | $0.00 |
| Interest | $1,145.63 | $0.00 | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance) | $254.09 | $254.09 | $254.09 | $254.09 |
| **Monthly Payment** | **$2,621.86** | **N/A** | **N/A** | **N/A** |
| Total Fees and Charges | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Amount Due** | **$2,621.86** | **N/A** | **N/A** | **N/A** |
| If you make this payment: | You may not cover the interest on your loan and may increase your loan balance. | You will not pay any principal on your loan, and will not reduce your loan balance. | You will reduce your loan balance. | You will reduce your loan balance. |

Please detach and return the bottom portion of this statement with your payment using the enclosed envelope.



## Mortgage Loan Statement

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 11/16/2015 |
| Property Address | 351 Mission Ridge Ln |
| | Fallbrook, CA  92028 |

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA  92028-9120

## Transaction Activity Since Your Last Statement (Includes Fees/Charges)

| Transaction Date | Description | Total Received | Principal | Interest | Escrow | Fees | Unapplied Funds |
|---|---|---|---|---|---|---|---|
| 11/06/2015 | COUNTY TAX PAID | | | | $1,540.70 | | |
| 11/16/2015 | LT CHARGE ASSESSMENT | | | | | $107.63 | |

## Detailed Description of Payment Options

The payment amount shown for each available option, as applicable, also includes an escrow payment, any unpaid late charges, and fees for optional products. If you have established automatic payment withdrawals, the amount you selected will be drafted rather than the Minimum Payment.

### Option 1: Minimum Payment Due
This amount pays the smallest amount of interest and, if applicable, principal that you must pay each month. This amount may not be sufficient to pay all the accrued interest for the previous month or to pay the loan in full over the remaining scheduled term. Negative amortization may result, which means that any unpaid interest will be added to the principal loan balance and will accrue additional interest.

### Option 2: Interest Due Payment
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment). However, no portion of the payment will be applied to reduce the principal balance of your loan.

### Option 3: Full Principal and Interest Payment
(based on the remaining scheduled term of your loan)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term under your loan documents.

### Option 4: Full Principal and Interest Payment
(based on the remaining schedule of your loan, if your original term is 15 years)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term of your loan, if the original loan term was 15 years.

The Minimum Payment is the LEAST amount that you must pay. One or more of the other options may not be available each month. If other options are available, the payment amount for those options will always be equal to or greater than the Minimum Payment.

## Important Messages

### Verify Your Contact Information
Please review your online account information at **chase.com/MyInfo** to confirm that your mailing address, email and phone number are correct. If you don't have an online account, you can easily create one at chase.com.

00000002 3874 151116 Page 2 of 3   82336





|  | Loan Number | 3013976489 |
|---|---|---|
|  | Statement Date | 11/16/2015 |
|  | Property Address | 351 Mission Ridge Ln |
|  |  | Fallbrook, CA 92028 |

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028-9120

## Important Notice

**You've missed one or more payments and your mortgage loan is in default.** This summary highlights the status of your account, your missed payments and how to get help.

We can provide options that may lower your payment, lower your interest rate or help you avoid foreclosure.

## Amount Due

As of 11/16/2015, $7,435.06 is required to bring your loan current.

This amount was calculated on the date referenced above, which means it may change if additional fees are billed after this date. Call us at 1-800-848-9380 to confirm the full payment amount you owe to bring your account up to date.

## Delinquency Status

**Your mortgage loan payment was due on 10/01/2015, and is 46 days past due. If you have already made your past-due payments, please disregard this notice.**

If you have not made past-due payments, you may be at risk of foreclosure or other fees and charges.

## Other Resources

You can call the U.S. Department of Housing and Urban Development at 1-800-569-4287 or the U.S. Department of the Treasury sponsored HOPE Hotline number at 1-888-995-HOPE (1-888-995-4673) and ask for MHA Help to get free assistance, or visit HopeNow.com. You can also find a nonprofit HUD-approved counselor who can provide the information and assistance you may need to avoid foreclosure by using the search tool at hud.gov/offices/hsg/sfh/hcc/fc/.

## Additional Information

**If you are represented by an attorney, please refer this notice to your attorney and provide us with the attorney's name, address, and telephone number.**

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose.**

The California Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.

## Summary of Your Most Recent Payments

| Payment Due Date | Amount Remaining Past Due |
|---|---|
| 10/01/2015 | $2,406.60 |
| 11/01/2015 | $2,406.60 |



23741  Page 1 of 3

| Customer Service | 1-800-848-9380 |
| Monday - Thursday | 8 a.m. - midnight (ET) |
| Friday | 8 a.m. - 10 p.m. (ET) |
| Saturday | 8 a.m. - 5 p.m. (ET) |
| Deaf or Hard of Hearing (TTY) | 1-800-582-0542 |



chase.com

23741 MWD  Z 35015 C ·  BRE T1
MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA  92028-9120

## Mortgage Loan Statement

| Loan Number | 3013976489 |
| Statement Date | 12/16/2015 |
| Property Address | 351 Mission Ridge Ln |
| | Fallbrook, CA  92028 |

### Amount Due By Payment Options

| | |
| --- | --- |
| Option 1: Minimum Payment Due | $2,729.49 |
| Option 2: Interest Due Payment | N/A |
| Option 3: Full Principal & Interest Payment | N/A |
| Option 4: Full Principal & Interest Payment (15 years) | N/A |
| **Payment Due Date** | **01/01/2016** |

A late charge of $107.63 may apply if received after 01/16/2016.

## Loan Overview (as of 12/16/2015)

| | |
| --- | --- |
| Original Principal Balance | $432,000.00 |
| Unpaid Principal Balance | $398,439.82 |
| Escrow Balance | $441.37 |

## Payment Summary

| | |
| --- | --- |
| Principal | $1,005.50 |
| Interest | $1,147.01 |
| Escrow Payment (Taxes and/or Insurance) | $254.09 |
| **Monthly Payment** | **$2,406.60** |
| **Prior Fees/Charges** | **$215.26** |
| Fees/Charges Since Last Statement | $107.63 |
| **Original Missed Payment Date** | **10/01/2015** |
| **Past Due Amount** | **$7,219.80** |
| **Total Amount Due** | **$9,949.29** |

## Past Payments Breakdown

| | Paid Since Last Statement | Paid Year-to-Date |
| --- | --- | --- |
| Principal | $0.00 | $9,148.11 |
| Interest | $0.00 | $10,185.30 |
| Escrow Payment (Taxes and/or Insurance) | $0.00 | $2,288.25 |
| Fees/Advances/Other Balances | $0.00 | $536.83 |
| **Total** | **$0.00** | **$22,158.49** |

## Adjustable-Rate Mortgage Information

| | |
| --- | --- |
| Interest Rate (Until 11/2015) | 3.42300% |
| For Payment Due | 10/01/2015 |

## Payment Options

| | Option 1: Minimum Payment Due | Option 2: Interest Due Payment | Option 3: Full Principal & Interest Payment | Option 4: Full Principal & Interest Payment (15 Years) |
| --- | --- | --- | --- | --- |
| Principal | $1,005.50 | $0.00 | $0.00 | $0.00 |
| Interest | $1,147.01 | $0.00 | $0.00 | $0.00 |
| Escrow (Taxes and/or Insurance) | $254.09 | $254.09 | $254.09 | $254.09 |
| **Monthly Payment** | **$2,729.49** | **N/A** | **N/A** | **N/A** |
| Total Fees and Charges | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Amount Due** | **$2,729.49** | **N/A** | **N/A** | **N/A** |
| If you make this payment: | You may not cover the interest on your loan and may increase your loan balance. | You will not pay any principal on your loan, and will not reduce your loan balance. | You will reduce your loan balance. | You will reduce your loan balance. |



Please detach ............. ..... .... of this statement with your payment using the enclosed env.......

# CHASE

Mortgage Loan Statement

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 12/16/2015 |
| Property Address | 351 Mission Ridge Ln |
| | Fallbrook, CA 92028 |

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028-9120

## Transaction Activity Since Your Last Statement (Includes Fees/Charges)

| Transaction Date | Description | Total Received | Principal | Interest | Escrow | Fees | Unapplied Funds |
|---|---|---|---|---|---|---|---|
| 12/16/2015 | LT CHARGE ASSESSMENT | | | | | $107.63 | |

## Detailed Description of Payment Options

The payment amount shown for each available option, as applicable, also includes an escrow payment, any unpaid late charges, and fees for optional products. If you have established automatic payment withdrawals, the amount you selected will be drafted rather than the Minimum Payment.

### Option 1: Minimum Payment Due
This amount pays the smallest amount of interest and, if applicable, principal that you must pay each month. This amount may not be sufficient to pay all the accrued interest for the previous month or to pay the loan in full over the remaining scheduled term. Negative amortization may result, which means that any unpaid interest will be added to the principal loan balance and will accrue additional interest.

### Option 2: Interest Due Payment
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment). However, no portion of the payment will be applied to reduce the principal balance of your loan.

### Option 3: Full Principal and Interest Payment
(based on the remaining scheduled term of your loan)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term under your loan documents.

### Option 4: Full Principal and Interest Payment
(based on the remaining schedule of your loan, if your original term is 15 years)
This amount pays all of the accrued interest for the previous month (including the amount that exceeds the Minimum Payment) and a sufficient amount of principal to pay off your loan based on the remaining scheduled term of your loan, if the original loan term was 15 years.

The Minimum Payment is the LEAST amount that you must pay. One or more of the other options may not be available each month. If other options are available, the payment amount for those options will always be equal to or greater than the Minimum Payment.

## Important Messages

### Verify Your Contact Information
Please review your online account information at **chase.com/MyInfo** to confirm that your mailing address, email and phone number are correct. If you don't have an online account, you can easily create one at **chase.com**.

If applicable, your 2015 IRS Form 1098 (Mortgage Interest Statement) will be included in your January statement or mailed to you by the end of January.



**CHASE**

Delinquency Information

| | |
|---|---|
| Loan Number | 3013976489 |
| Statement Date | 12/16/2015 |
| Property Address | 351 Mission Ridge Ln<br>Fallbrook, CA 92028 |

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028-9120

## Important Notice

**You've missed one or more payments and your mortgage loan is in default.** This summary highlights the status of your account, your missed payments and how to get help.

We can provide options that may lower your payment, lower your interest rate or help you avoid foreclosure.

## Amount Due

As of 12/16/2015, $9,949.29 is required to bring your loan current.

This amount was calculated on the date referenced above, which means it may change if additional fees are billed after this date. Call us at 1-800-848-9380 to confirm the full payment amount you owe to bring your account up to date.

## Delinquency Status

**Your mortgage loan payment was due on 10/01/2015, and is 76 days past due. If you have already made your past-due payments, please disregard this notice.**

If you have not made past-due payments, you may be at risk of foreclosure or other fees and charges.

## Other Resources

You can call the U.S. Department of Housing and Urban Development at 1-800-569-4287 or the U.S. Department of the Treasury sponsored HOPE Hotline number at 1-888-995-HOPE (1-888-995-4673) and ask for MHA Help to get free assistance, or visit HopeNow.com. You can also find a nonprofit HUD-approved counselor who can provide the information and assistance you may need to avoid foreclosure by using the search tool at hud.gov/offices/hsg/sfh/hcc/fc/.

## Additional Information

**If you are represented by an attorney, please refer this notice to your attorney and provide us with the attorney's name, address, and telephone number.**

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose.**

The California Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.

## Summary of Your Most Recent Payments

| Payment Due Date | Amount Remaining Past Due |
|---|---|
| 10/01/2015 | $2,406.60 |
| 11/01/2015 | $2,406.60 |
| 12/01/2015 | $2,406.60 |

**CHASE** 

**Chase (Mail Code OH4-7399)**
P.O. Box 183205
Columbus, OH 43218
For Undeliverable Mail Only

11/03/2015

005218 - 1 of 3 NSP0HDLA-ZA J0414766 0000000
MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK, CA 92028-9120

**We need to hear from you regarding your account**

Account:           3013976489 (the "Loan")
Property Address:  351 MISSION RIDGE LN
                   FALLBROOK, CA 92028 (the "Property")

Dear MICHAEL J VAN ZEE:

We're concerned that an amount of $4,813.20 is currently over thirty (30) days past due for your loan.
By not making your full payments on time, you may put your credit at risk. If the default continues, your
loan could be referred to foreclosure.

If the above-referenced amount has already been sent, please disregard this notice.

**We're here to help**
If you're experiencing financial difficulties that affect your ability to make your payments, please let us
know so we can work out a plan for repayment. We want to help you save your home.

We have a variety of mortgage assistance options that might help you, but we need to talk with you to
determine which option might best fit your needs. Please call us toll-free as soon as possible at
1-800-848-9380 to discuss your situation and possible alternatives to foreclosure.

**Possible Mortgage Assistance Options**

**Mortgage Modification**
**Overview:** A modification is a change to the terms of your mortgage loan to lower your monthly payment
amount or interest rate.
**Benefit:** This option permanently changes your mortgage loan so your payments or terms of your loan are
more affordable.

**Short Sale**
**Overview:** Sell the property for less than the balance remaining on your mortgage.
**Benefit:** Allows you to move out of the property and avoid foreclosure. In some cases, relocation
assistance may be available.

Executive Office (Mail Code OH4-7120)
3415 Vision Drive
Columbus, OH 43219

**CHASE** ○

November 04, 2015



001670 - 1 of 3 NSP0IF1A-Z1 000000000000
Michael J. Van Zee
351 Mission Ridge Road
Fallbrook, CA 92028-9120

### We are researching your request

Customer Name:    Michael J. Van Zee
Reference Number:  20151103EOCHF0034

Dear Michael J. Van Zee:

We received a request from you on October 27, 2015, and expect to have an answer or a status update for you by November 11, 2015.

In the meantime, if you have any questions about your loan, please call the Chase Executive Specialist dedicated specifically to this issue, Diane Jackson, at 1-888-310-7995, extension 3200011. If you still need help, our office is available Monday through Friday from 8 a.m. to 10 p.m., Saturday from 8 a.m. to 8 p.m. and Sunday from 8 a.m. to 5 p.m. Eastern Time.

We appreciate your patience while we research and resolve your request.

Sincerely,

Mortgage Banking Executive Office
1-888-310-7995
1-800-582-0542 TTY
1-866-221-1019 Fax (Free of charge from any Chase branch)
www.chase.com
questions.mortgage.escalation@chase.com



**CHASE**

Chase (Mail Code OH4-7399)
P.O. Box 182613
Columbus, OH 43218

073436 - 1 of 3 NSP0MBV0-Z1 J0462767 000000

Michael J. Van Zee
351 Mission Ridge Rd.
Fallbrook, CA 92028-9120

November 5, 2015

**Here's how to bring your mortgage payments up to date**

Account:               3013976489
Property Address:      351 Mission Ridge Ln.
                       Fallbrook, CA 92028

Dear Michael J. Van Zee:

We haven't received your mortgage payment(s), and we're writing to let you know how to
bring your account up to date.

**Here's information about the amount due**

As of November 5, 2015, the past-due amount of $4,920.83 includes the total monthly
payment(s) (including principal, interest, and escrow, if applicable), late fees, insufficient
funds (NSF) fees, and other fees and advances, due under the terms of your loan
documents.

The chart below shows the total amount due on your account:

| Total Amount Due | |
|---|---|
| Total Monthly Payment(s) | $4,813.20 |
| Late Fees | $107.63 |
| Insufficient Funds Fees (NSF) | $0.00 |
| Other Fees and Advances* | $0.00 |
| Suspense Amount | $(0.00) |
| Total | $4,920.83 |

*Other Fees and Advances include those amounts assessed in accordance with your loan
documents, and/or permitted by applicable law, or that were authorized for services
rendered. If you need additional information regarding any of these amounts, please call us
at one of the numbers provided at the end of this letter.

CL623

Chase
P.O. Box 183222
Columbus, OH 43218-3222



November 05, 2015

003363 - 1 of 1 NSP0IF1A-Z1 000000000000
Zee Michael J. Van
351 Mission Ridge Road
Fallbrook, CA 92028-9120

**We received your question or request about your mortgage loan and are researching the issue**

Account:                3013976489
Property Address:   351 Mission Ridge Lane
                             Fallbrook, CA 92028-0000

Dear Zee Michael J. Van:

We're writing about the question or request we recently received about your mortgage loan. We're researching the issue and will send you a letter once our review is completed.

If you have any questions, please call us at one of the numbers below. We appreciate your business.

Sincerely,

Chase
1-800-848-9136
1-800-582-0542 TTY
www.chase.com

CR36118
CC233



Executive Office
3415 Vision Drive
Columbus, OH 43219

November 05, 2015

001093 - 1 of 1 NSP0IF1A-Z1 000000000000
Zee Michael J. Van
351 Mission Ridge Road
Fallbrook, CA 92028-9120



**We're researching your request**

| | |
|---|---|
| Account: | ******6489 |
| Reference Number: | 20151103EOCHF0034 |
| Property Address: | 351 Mission Ridge Lane |
| | Fallbrook, CA 92028-0000 |

Dear Zee Michael J. Van:

We received your request on 10/27/2015, and expect to have an answer or a status update for you by 12/5/2015.

In the meantime, if you have any questions about your loan, please call the Chase Executive Specialist dedicated specifically to this issue, Diane Jackson, at 1-888-310-7995. If you still need help, you can call us at one of the numbers below Monday through Friday from 8 a.m. to 10 p.m., Saturday from 8 a.m. to 8 p.m. and Sunday from 8 a.m. to 5 p.m. Eastern Time.

We appreciate your patience while we research and resolve your request.

Sincerely,

Mortgage Banking Executive Office
1-888-310-7995
1-800-582-0542 TTY
1-866-221-1019 Fax (Free of charge from any Chase branch)
www.chase.com
questions.mortgage.escalation@chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-888-310-7995, de lunes a viernes de 8 a.m. a 10 p.m., sábados de 8 a.m. a 8 p.m. y domingo de 8 a.m. a 5 p.m., hora del Este.

**Important Legal Information**

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose.**

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**However, to the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code ("the Bankruptcy Code"), this notice is for**

Chase (Mail Code OH4-7399)
P.O. Box 183222
Columbus, OH 43218-3222

**CHASE** ◯

December 1, 2015

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028-9120

**Learn more about the mortgage assistance resources that are available to you**

Account: XXXXXXXX9558
Property Address: 351 MISSION RIDGE LANE
                  FALLBROOK, CA 92028

Dear MICHAEL J VAN ZEE:

We're required to provide you with the following information regarding the account above.

**Here's where to look for help**
Help is also offered in the form of housing counseling services at housing counseling agencies approved by the U.S. Department of Housing and Urban Development (HUD). For a list of agencies that offer free mortgage assistance counseling, call HUD at 1-800-569-4287, or 1-800-877-8339 for TTY services, or go to hud.gov and, under the "Resources" tab, select "Foreclosure Avoidance Counseling." Housing counselors at these agencies are trained to help homeowners who are having problems making their mortgage payments. Housing counselors can help you find the best option for your situation by working with you in person or over the phone to help you understand your housing options and help you communicate with your lender. Housing counselors can also recommend financial tools and connect you with local resources that may provide additional assistance.

Or, you can visit chase.com/MortgageAssistance to apply for help.

If you have any questions, please call us at one of the numbers below Monday through Thursday from 8 a.m. to midnight, Friday from 8 a.m. to 10 p.m. and Saturday from 8 a.m. to 5 p.m. Eastern Time.

Sincerely,

Chase
1-800-848-9380
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-800-848-9380, de lunes a jueves de 8 a.m. a la medianoche, viernes de 8 a.m. a 10 p.m. y sábados de 8 a.m. a 5 p.m., hora del Este.

*copied on reverse also*

CR44070-b
CL547

*pg.1*



Chase (Mail Code OH4-7399)
P.O. Box 183205
Columbus, OH 43218
For Undeliverable Mail Only

12/08/2015



004256 - 1 of 2 NSP0HDLA-ZA J1266368 0000000

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK, CA 92028-9120

**Acceleration warning (Notice of intent to foreclose)**

Account:            3013976489 (the "Loan")
Property Address:   351 MISSION RIDGE LN
                    FALLBROOK, CA 92028 (the "Property")

Dear MICHAEL J VAN ZEE:

Under the terms of the Mortgage or Deed of Trust ("Security Instrument") securing your Loan, JPMorgan Chase Bank, N.A. ("Chase") hereby notifies you of the following:

1.  You are in default because you have failed to pay the required monthly installments commencing with the payment due 10/01/2015.

2.  As of 12/08/2015, total monthly payments (including principal, interest, and escrow if applicable), late fees, insufficient funds (NSF) fees, and other fees and advances due under the terms of your loan documents in the total amount of $7,435.06 are past due. This past-due amount is itemized below. If applicable, your account may have additional escrow amounts that have been paid out and are due on the Loan. If you have any questions about the amounts detailed below, please call us as soon as possible at 1-800-848-9380.

|                          |            |
|--------------------------|------------|
| Total Monthly Payments:  | $7,219.80  |
| Late Fees:               | $215.26    |
| NSF Fees:                | $0.00      |
| Other Fees:[1]           | $0.00      |
| Advances:[1]             | $0.00      |
| Amount Held in Suspense: | $0.00      |

[1] *Other Fees and Advances include those amounts assessed in accordance with your loan documents, and/or permitted by applicable law, or that were authorized for services rendered.*

You are also responsible for paying any amounts that become due from the date of this letter through the expiration date set forth in Paragraph 3 below. These amounts may include, but are not limited to, taxes, insurance, inspection fees, and other fees, as permitted by applicable law. If you have any reason to dispute the past-due amount listed above, or if you believe your Loan is current, please call us at one of the numbers below.

# EXHIBIT B

*COPY*

Michael Van Zee
351 Mission Ridge Ln
Fallbrook, CA 92028

Chase
Attn:  Loan Number:  3013976489
P.O. Box 78420
Phoenix, AZ 85062

OCT. 14, 2015

RE    Notice to Rescind Deed of Trust and Note

To Whom This May Concern,

 Please take notice of the undersigned's Notice to Rescind and that this notice is hereby made upon each of the named parties named above, and the same notice is hereby given to any assignees or transferees of the same parties named above.  Please be advised that I intend to rescind the purported obligation under the deed of trust and note identified as:

Deed of Trust Dated 20 July 2007

Property Address:  351 Mission Ridge Ln, Fallbrook, CA 92028

Amount :  $432,000.00

Recorded in San Diego County, California on the date of 7/27/2005, as instrument number 2007-0433416 .

Lender :  Washington Mutial Bank, F.A

Trustee:   California Reconveyance Company

 Please be advised that if you fail to sue me and re-establish the debt, you will lose any security interests you might claim to have in my property, by this instrument.

 Furthermore, if you fail to return the property or money deposited by the promissory note and related costs, you may be subject to damages.

 Please also be advised that the three-day and three-year limitations do not apply as these time periods have been extended because the presumption of "equitable tolling" applies under the circumstances.  Please review the recent decision of the United States Supreme Court, Jesinoski v. Countrywide, Volume 574 U.S. ___ (2015).

 I intend to sue you for the damages.

Sincerely,

_____

Michael Van Zee

**Executive Office (Mail Code OH4-7120)**
3415 Vision Drive
Columbus, OH 43219

CHASE 

November 9, 2015

000073 - 1 of 2 NSP0MCL0-Z1 0 000000
Michael J. Van Zee
351 Mission Ridge Road
Fallbrook, CA 92028-9120

## We have reviewed your request

| | |
|---|---|
| Customer Name: | Michael J. Van Zee |
| Account: | ******6489 |
| Reference Number: | 20151103EOCHF0034 |
| Property Address: | 351 Mission Ridge Lane |
| | Fallbrook, CA 92028 |

Dear Michael J. Van Zee:

We're responding to your letter dated October 14, 2015, which was received in the Mortgage Banking Executive Office on November 3, 2015, about your request to rescind your mortgage loan.

Our records show your loan originated on June 20, 2007. As a result, your Notice to Rescind dated October 14, 2015, is untimely and no action by Chase is required. Therefore, we respectfully decline your request for the rescission of your mortgage loan.

In your correspondence, you referenced the ruling of Jesinoski v. Countrywide Home Loans Inc. Please note that in order to exercise the right to rescind a loan, the borrower must have a valid reason and provide notice in a timely manner. Further, to rescind a loan, you would not only have to provide a valid notice of rescission in a timely manner but also return the funds to Chase.

## Here's the current status of your mortgage loan

Your October 1, 2015, payment is due, along with all subsequent payments and applicable fees. Your account is past due, but it hasn't been referred to foreclosure. If you have already made your past-due payments, please disregard this notice.

If you're experiencing a financial hardship and want to discuss possible assistance options, please call us at 1-866-550-5705, or visit chase.com and select "Help for Homeowners".

Sincerely,

Mortgage Banking Executive Office
1-888-310-7995
1-800-582-0542 TTY
www.chase.com

**Federal ECOA Notice**
The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006.

CR34837-d
EX077



Michael Van Zee
351 Mission Ridge Ln
Fallbrook, CA 92028

California Reconveyance Company
Attn:  Loan Number: 3013976489
9200 Oakdale Ave # 100
Chatsworth, CA 91311

Oct. 14, 2015

RE    Notice to Rescind Deed of Trust and Note

To Whom This May Concern,

    Please take notice of the undersigned's Notice to Rescind and that this notice is hereby made upon each of the named parties named above, and the same notice is hereby given to any assignees or transferees of the same parties named above.  Please be advised that I intend to rescind the purported obligation under the deed of trust and note identified as:

Deed of Trust Dated 20 July  2007

Property Address:  351 Mission Ridge Ln, Fallbrook, CA 92028

Amount :  $432,000.00

Recorded in San Diego County, California on the date of 7/27/2007, as instrument number 2007-0433416 .

Lender :  Washington Mutial Bank, F.A

Trustee:   California Reconveyance Company

    Please be advised that if you fail to sue me and re-establish the debt, you will lose any security interests you might claim to have in my property, by this instrument.

    Furthermore, if you fail to return the property or money deposited by the promissory note and related costs, you may be subject to damages.

    Please also be advised that the three-day and three-year limitations do not apply as these time periods have been extended because the presumption of "equitable tolling" applies under the circumstances.  Please review the recent decision of the United States Supreme Court, Jesinoski v. Countrywide, Volume 574 U.S. ___ (2015).

    I intend to sue you for the damages.

Sincerely,

_Michael Van Zee_

Michael Van Zee

THIS IS A COPY OF ORIGINAL MAILED 10·14·15 AND RETURNED AS "UNABLE TO DELIVER"



CALIF. RECONVEYANCE
9200 OAKLAND AVE #100
CHATSWORTH, CA. 91311

CERTIFIED MAIL

7015 0640 0000 4301 6276

$3.93⁵
US POSTAGE
FIRST-CLASS

071V00814008
92028
_0000434

NIXIE      915   SC 1 0009      0010/24/15

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 92028912051      *2304-01954-15-37

# EXHIBIT C

**Chase**
P.O. Box 469030
Glendale, CO  80246-9030



**November 10, 2015**

3-746-85902-0007481-008-02-000-000-000-000

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK, CA 92028-9120

**Mortgage assistance may be available – Send the forms and documents we need by November 25, 2015 to apply for mortgage assistance!**

Account:          3013976489
Property Address:  351 MISSION RIDGE LN
                   FALLBROOK, CA 92028

Dear Michael J Van Zee:

Your mortgage payment is now 30 days or more past due, but assistance is available. The sooner you respond, the more quickly we can find out if you're eligible for mortgage assistance options to help make your payments more affordable or help you avoid foreclosure.

We need you to send us financial information so we can determine if you're eligible for one of the assistance options explained in this letter, such as a repayment plan, a forbearance or a loan modification as part of the federal government's Home Affordable Modification, or another program. We may also be able to help you avoid foreclosure by selling your home for less than you owe or releasing the property.

If you have other mortgage loans or liens that we don't service, you should contact that servicer to find out if you're eligible for assistance for those accounts.

Here are the next steps you need to take to request mortgage assistance:

**STEP 1**    COMPLETE THE ENCLOSED FORMS

The Request for Mortgage Assistance form and IRS Form 4506T-EZ (Short Form Request for Individual Transcript of Tax Return).

**STEP 2**    COLLECT AND SEND US COPIES OF YOUR FINANCIAL DOCUMENTS

We'll verify your income using the documents you send us including:

- Your most recent pay stubs
- Profit and Loss Statement with company name and date (if you're self-employed or an independent contractor)
- Proof of Social Security or disability payments, if applicable

Send all statement pages, even if they're blank, to:

Chase
P.O. Box 469030
Glendale, CO 80246-9030



©2014 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.

Page 1



CR28163
OP175

**EQUAL HOUSING LENDER**

**Chase**
P.O. Box 469030
Glendale, CO  80246-9030



**CHASE**

4-746-86191-0001506-002-02-000-000-000-000

December 7, 2015

4-746-86191-0001506-002-02-000-000-000-000

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK, CA 92028-9120

**Mortgage assistance may be available — Send the forms and documents we need by December 22, 2015 to apply for mortgage assistance!**

Account:          3013976489
Property Address:  351 MISSION RIDGE LN
                  FALLBROOK, CA 92028

Dear Michael J Van Zee:

Your mortgage payment is now 30 days or more past due, but assistance is available. The sooner you respond, the more quickly we can find out if you're eligible for mortgage assistance options to help make your payments more affordable or help you avoid foreclosure.

We need you to send us financial information so we can determine if you're eligible for one of the assistance options explained in this letter, such as a repayment plan, a forbearance or a loan modification as part of the federal government's Home Affordable Modification, or another program. We may also be able to help you avoid foreclosure by selling your home for less than you owe or releasing the property.

If you have other mortgage loans or liens that we don't service, you should contact that servicer to find out if you're eligible for assistance for those accounts.

**Here are the next steps you need to take to request mortgage assistance:**

**STEP 1     COMPLETE THE ENCLOSED FORMS**

The Request for Mortgage Assistance form and IRS Form 4506T-EZ (Short Form Request for Individual Transcript of Tax Return).

**STEP 2     COLLECT AND SEND US COPIES OF YOUR FINANCIAL DOCUMENTS**

We'll verify your income using the documents you send us including:

- Your most recent pay stubs
- Profit and Loss Statement with company name and date (if you're self-employed or an independent contractor)
- Proof of Social Security or disability payments, if applicable

Send all statement pages, even if they're blank, to:

> Chase
> P.O. Box 469030
> Glendale, CO 80246-9030



©2014 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.

EQUAL HOUSING
LENDER



CR28163
OP516

Chase (Mail Code OH2-7399)
P.O. Box 183222
Columbus, OH 43218-3222

**CHASE** ○

December 10, 2015

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK CA 92028

**Learn more about the mortgage assistance resources that are available to you**

Account: XXXXXXXX9558
Property Address: 351 MISSION RIDGE LANE
                  FALLBROOK, CA 92028

Dear MICHAEL J VAN ZEE:

We're required to provide you with the following information regarding the account
above.

**Here's where to look for help**
Help is also offered in the form of housing counseling services at housing counseling
agencies approved by the U.S. Department of Housing and Urban Development (HUD). For
a list of agencies that offer free mortgage assistance counseling, call HUD at
1-800-569-4287, or 1-800-877-8339 for TTY services, or go to hud.gov and, under the
"Resources" tab, select "Foreclosure Avoidance Counseling." Housing counselors at
these agencies are trained to help homeowners who are having problems making their
mortgage payments. Housing counselors can help you find the best option for your
situation by working with you in person or over the phone to help you understand your
housing options and help you communicate with your lender. Housing counselors can
also recommend financial tools and connect you with local resources that may provide
additional assistance.

Or, you can visit chase.com/MortgageAssistance to apply for help.

If you have any questions, please call us at one of the numbers below Monday through
Thursday from 8 a.m. to midnight, Friday from 8 a.m. to 10 p.m. and Saturday from 8
a.m. to 5 p.m. Eastern Time.

Sincerely,

Chase
1-800-848-9380
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene
alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando
al 1-800-848-9380, de lunes a jueves de 8 a.m. a la medianoche, viernes de 8 a.m.
a 10 p.m. y sábados de 8 a.m. a 5 p.m., hora del Este.

CR44070-b
CL547

Chase
P.O. Box 469030
Glendale, CO  80246-9030



**CHASE** ◯

2-746-86514-0000410-001-02-000-000-000-000

January 5, 2016

2-746-86514-0000410-001-02-000-00

MICHAEL J VAN ZEE
351 MISSION RIDGE RD
FALLBROOK, CA 92028

**Mortgage assistance may be available – Send the forms and documents we need by January 20, 2016 to apply for mortgage assistance!**

Account:            ********9558
Property Address:   351 MISSION RIDGE LANE
                    FALLBROOK, CA 92028

Dear Michael J Van Zee:

Your mortgage payment is now 30 days or more past due, but assistance is available. The sooner you respond, the more quickly we can find out if you're eligible for mortgage assistance options to help make your payments more affordable or help you avoid foreclosure.

We need you to send us financial information so we can determine if you're eligible for one of the assistance options explained in this letter, such as a repayment plan, a forbearance or a loan modification as part of the federal government's Home Affordable Modification, or another program. We may also be able to help you avoid foreclosure by selling your home for less than you owe or releasing the property.

If you have other mortgage loans or liens that we don't service, you should contact that servicer to find out if you're eligible for assistance for those accounts.

**Here are the next steps you need to take to request mortgage assistance:**

**STEP 1**    **COMPLETE THE ENCLOSED FORMS**

The Request for Mortgage Assistance form and IRS Form 4506T-EZ (Short Form Request for Individual Transcript of Tax Return).

**STEP 2**    **COLLECT AND SEND US COPIES OF YOUR FINANCIAL DOCUMENTS**

We'll verify your income using the documents you send us including:

- Your most recent pay stubs
- Profit and Loss Statement with company name and date (if you're self-employed or an independent contractor)
- Proof of Social Security or disability payments, if applicable

Send all statement pages, even if they're blank, to:

    Chase
    P.O. Box 469030
    Glendale, CO 80246-9030



©2014 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.



CR28163
OP603

Page 1

## SERVICE OF PROCESS

Instead of having the clerk of court issue a summons for each and having the U.S. Marshalls serve it, you can instead send the "request for waiver of service of process" along with a blank "waiver form" and a copy of the complaint and exhibits to each of the defendants, via certified mail.  Do not use the green card, only the green & white receipt with post mark is needed.

These are the addresses upon which service of process can be made.

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Ave # 100
Chatsworth, CA 91311

ALBERTELLI LAW
9200 Oakdale Avenue
Chatsworth, CA 91131

JPMORGAN CHASE BANK, N.A. DBA "CHASE"
1111 Polaris Parkway
Columbus, OH 43240

If waiver is not given within a reasonable time, 30 – 60 days, we can then have the clerk issue a summons accordingly and have a U.S. Marshall serve it (summons and complaint with exhibits) on each defendant that is not yet served.  If there is any difficulty in perfecting service upon a defendant at the address I have here, we can serve it upon the secretary of state for the state in which you reside.